IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LEONA FLETCHER,<br><br>           Plaintiff,<br>v.<br><br>POLICE OFFICER, BADGE #131,<br><br>           Defendant. | NO. 1:22-CV-00563-MAC-ZJH |

### REPORT AND RECOMMENDATION DISMISSING CASE

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is *pro se* Plaintiff Leona Fletcher's *Motion for Leave to Proceed in Forma Pauperis*. Doc. No. 2; *see* 28 U.S.C. § 1915. After reviewing Fletcher's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that she meets the indigence requirements of 28 U.S.C. § 1915. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that the court dismiss the case *sua sponte* because Fletcher has failed to state a claim upon which relief can be granted.

Because Fletcher is proceeding *pro se*, Fletcher's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### I.   Background

On November 18, 2022, Fletcher filed the instant *Complaint* against an unidentified Jasper police officer. Doc. No. 1. In her complaint, Fletcher alleges that on October 26, 2022, she was

shopping at Brookshire Brothers, when the manager of the store called a police officer to investigate her. *Id.* at 2. The officer then proceeded to "harass" Fletcher, falsely accuse her of being drunk, and "[hollered] out loud lies [about her]." *Id.* at 2, 4 (alleging that the officer "violated [her] civil rights [and] harass[ed] [her] and said stuff to [her] [that was] not true"). On April 11, 2023, the undersigned held a *Spears* hearing,[1] with Fletcher present. Apr. 11, 2023 Min. Entry. At the hearing, Fletcher confirmed that the police officer never arrested her. *See id.*

## II. **Legal Standard**

Title 28 of United States Code § 1915(e)(2)(B) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the court determines at any time that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

When a court analyzes whether a plaintiff has stated a claim on which relief may be granted, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept all factual allegations as true, the court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696,

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

697–98 (5th Cir. 2005). The court should only determine whether a plaintiff has stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Dismissal for failing to state a claim is warranted if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).

### III.  Discussion

Title 42 U.S.C. 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the U.S. Constitution and federal law(s) by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Fletcher's allegations of defamation do not state a claim upon which relief may be granted under 42 U.S.C. § 1983 because claims of libel or slander are actionable, if at all, only under state law. *See Lavergne v. Busted in Acadiana*, 583 F. App'x 368, 369 (5th Cir. 2014) ("Claims of libel and slander are quintessentially state law claims.") (citation omitted); *Waddleton v. Blalock*, No. 01-40264, 2001 WL 1485851, at *1 (5th Cir. Nov. 16, 2001) ("[C]laims involving slander and libel are state law matters which are not cognizable in a 42 U.S.C. § 1983 action.") (citation omitted); *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) (calling a Section 1983 claim based on defamation a "basic defect" in the plaintiff's claim because "[i]nvasion of an interest in

3

reputation alone is insufficient to establish § 1983 liability," without a more tangible property interest loss); *Cook v. Hous. Post*, 616 F.2d 791, 794–95 (5th Cir. 1980) ("[L]ibel and slander are matters which the State protects by virtue of its tort law, providing a forum for those interests by means of damage actions.").

Nor do mere insults by the police constitute a cognizable constitutional violation under Section 1983. *Lamar v. Steele*, 698 F.2d 1286, 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); *James Roa v. City of Denison*, No. 4:18-CV-168-ALM-CAN, 2019 WL 1306212, at *22 (E.D. Tex. Feb. 18, 2019) ("[C]itizens do not have a constitutional right to courteous treatment by the [State]. Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983.") (internal quotation marks and citation omitted); *Jackson v. Liberty Cnty.*, 860 F. Supp. 360, 363 (E.D. Tex. 1994) ("Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment[.]") (citation omitted).

To the extent Fletcher asserts state law claims against Officer Courtney, the court declines to exercise supplemental jurisdiction over any potential state law claims. 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction if the "court has dismissed all claims over which it has original jurisdiction").

In sum, Fletcher has failed to state a claim upon which relief may be granted, as a libel or slander lawsuit does not properly raise a constitutional claim under Section 1983. Nor do verbal harassment and mere insults constitute a section 1983 claim. The undersigned therefore recommends that the court *sua sponte* dismiss Fletcher's lawsuit with prejudice.

### IV. **Recommendation**

Plaintiff Leona Fletcher's *Motion to Proceed in Forma Pauperis* (Doc. No. 2) should be granted. Plaintiff's complaint should be dismissed with prejudice as she has failed to state a claim upon which relief may be granted.

### V. **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge